UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      SECTION: "B"

DONNELL CARROLL                             NUMBER: 08-248

## ORDER AND REASONS

**IT IS ORDERED** that Defendant Donnell Carroll's motion to terminate supervised release is **DENIED**.[1] (See Record Docs. 63 and 66)

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendant pled guilty on November 5, 2008 to two counts of distribution of heroin and one count of conspiracy to distribute 100 grams or more of heroin. Rec. Doc. 42. Defendant was sentenced on November 19, 2009 by Judge Engelhardt to 160 months in prison and 5 years supervised release to run concurrently with any prison term remaining relative to defendant's revocation of supervised release in CR-99-088. Rec. Doc. 42 at 2. On September 30, 2013 Judge Engelhardt reduced the sentence to 118 months imprisonment. Rec. Doc. 49.

In CR-99-088, defendant entered a plea of guilty on March 1, 2000 to one count of conspiracy to possess with intent to

---

[1] Defense counsel erroneously labelled the motion as one to terminate "probation", when Defendant is actually on supervised release following a term of imprisonment.

1

distribute Hydrochloride. *See* CR-99-88 Rec. Doc. 185. On November 8, 2000 defendant was sentenced to 120 months in prison and 5 years supervised release by Judge Sarah S. Vance. *Id.* Defendant was released on January 8, 2007. Rec. Doc. 66. On October 28, 2008, defendant's supervised release was revoked, and he was committed to the custody of BOP for 12 months. *See* CR-99-88 Rec. Doc. 385. Defendant admitted guilt to violations of conditions of his supervised release, after being arrested and charged by New Orleans Police Department for two counts of hit and run driving, flight from an officer, reckless driving, resisting arrest and conspiracy to distribute quantities of heroin in August 2008. *Id.*

Defendant was released from BOP custody on April 18, 2017. Rec. Doc. 66 at 2. He filed the instant motion to terminate supervised release on October 29, 2019. The government filed a response in opposition. Rec. Doc. 66.

Defendant emphasizes the completion of approximately half of his supervisory release term and satisfaction of all financial terms of sentence. In referring us to factors for early termination of supervised release, defendant contends there is no further need for programming or treatment, and that he has successfully reintegrated into the community by maintaining stable employment, housing and relationships with family. Rec. Doc. 63-1.

In opposition, the government, argues the absence of any unusual or extraordinary circumstances justifying early

termination of supervised release. Rec. Doc. 66. It maintains that defendant's mere compliance of supervised release terms is not enough to warrant early termination. *Id.* The government contends defendant's history and characteristics suggest that he could benefit from continued supervised release due to above-noted history of non-compliance with conditions of supervised release. *Id.*

## II. LAW AND ANALYSIS

Under 18 U.S.C. § 3583(e)(1), the Court, after considering factors laid out in 18 U.S.C. § 3553 may modify or terminate a term of supervised release at any time after a defendant has served one year of release. Among the factors a court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available. *See* 18 U.S.C. § 3553(a). Section 3583(e)(1) provides courts with broad discretion in determining whether to terminate supervised release. *See United States v. Jeanes,* 150 F.3d 483, 484 (5th Cir.1998).

Although the defendant has thus far complied with the terms and conditions of supervised release, compliance alone is not enough to warrant termination of supervised release as compliance is an

ordered expectation. *United States v. Hayes,* No. CRIM.A. 01-311, 2013 WL 5328874, at *1(E.D. La. Sept. 20, 2013).

Defendant's criminal history and supervised release history weigh against early termination of supervised release. He committed the instant offense while on supervised release in another federal case. See EDLA CR. No. 99-88 at Rec. Doc. 185. The government along with the defendant's probation officer oppose early termination of the defendant's supervised release citing that history and the similarity of offenses. Furthermore, the defendant has not demonstrated any particular hardship resulting from completion of the supervised release term. *United States v. Landry,* No. 96-97, 1999 WL 605476, at *1-2 (E.D.La. Aug. 11, 1999) (citing defendant's inability to gain employment in his field as a reason for terminating supervised release). Judges in this district have commonly held that merely abiding by the conditions of supervised release is not enough to terminate supervised release. *See United States v. Hayes*, No. CRIM.A. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013)(holding that mere compliance with supervised release is not sufficient to terminate supervised release); *United States v. Brown*, No. CRIM.A. 03-310, 2012 WL 4059887, at *2 (E.D. La. Sept. 14, 2012)(denying early termination of supervised release where a defendant was compliant for four years as defendant failed to demonstrate any hardship caused by its completion).

4

Although defendant's behavior since this new term of supervision is very noteworthy, supervised release should continue in view of his criminal history, characteristics of prior unsuccessful supervision conduct, and the need for deterrence.

New Orleans, Louisiana this 19th day of December, 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE